KJ+K
KOHRMAN JACKSON KRANTZ

Justine Lara Konicki | Partner
Direct: 216-736-7211 | jlk@kjk.com
One Cleveland Center | 1375 East Ninth Street
29th Floor | Cleveland, Ohio 44114-1793
Main: 216.696.8700 | Toll-free: 888.696.8700 | Fax: 216.621.6536

***VIA E-MAIL ONLY***

November 19, 2019

Trevor G. Covey (tcovey@beneschlaw.com)
Nora Cook (ncook@beneschlaw.com)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114

**Re:** ***The NOCO Company v. CTEK, Inc., et al.***
**United States District Court for the Northern District of Ohio**
**Case No. 1:19-cv-00853**

Dear Mr. Covey and Ms. Cook:

We are in receipt of your November 15, 2019 correspondence. The purpose of this letter is to: (i) again request production of certain documents; (ii) address your demand regarding document designations under the Stipulated Protective Order; and (iii) seek clarity as to when deposition designations will be provided.

First, please instruct your clients to produce the following documents: (i) the loan agreement between CTEK Sweden AB ("***CTEK Sweden***") and CTEK, Inc. ("***CTEK USA***") (together, "***CTEK***") (*see* deposition transcript of Jon Lind individually, and as CTEK Sweden's Fed. R. Civ. P. 30(b)(6) witness (the "***Lind Depo***.") at 65:19-66:4); (ii) CTEK's "company presentation" (*see* Lind Depo. at 142:13-143:19); and (iii) reseller agreements between CTEK USA and United States companies (*see* Lind Depo. at 45:19-45:22).

The requested documents are responsive to previously issued discovery requests, as outlined in my November 8, 2019 correspondence. Moreover, your client specifically testified to the existence of these documents in response to questions on topics that were expressly authorized for jurisdictional discovery. (*See* ECF # 51 at p.5). Testimony regarding the loan agreement and the "company presentation" were provided in response to questions about CTEK Sweden's "corporate structure and entanglements with CTEK USA," which the Court expressly identified as a topic that "properly address[es] potential relevant information relating to the jurisdictional challenges raised by CTEK Sweden." (ECF # 51 at p.5).



1375 East Ninth Street | One Cleveland Center, 29th Floor | Cleveland, Ohio 44114
Main: 216.696.8700 | Toll-free: 888.696.8700 | 216.621.6536

Specifically, Mr. Lind revealed the existence of the "company presentation" when asked "does CTEK Sweden or CTEK Holdings have any policies or procedures designed to prevent the public from being confused about the differences between the parent and the subsidiary entities?" (Lind Depo. 142:13-143:19), and Mr. Lind identified the loan agreement when asked "has CTEK Sweden ever loaned CTEK USA any money?" (Lind Depo. 65:16- 66:4). Accordingly, the loan agreement was also identified in response to questioning on the expressly authorized deposition topic of CTEK's corporate entanglements. (*See* ECF # 51 at p.5).

As to the reseller agreements, you correctly point out that the Court narrowed the scope of NOCO's Request for Production No. 25 to Ohio. As such, please produce the reseller agreements CTEK USA has with Ohio companies. At a minimum, to lighten the burden on CTEK, NOCO will accept a single exemplar reseller agreement in satisfaction of this document request.

Second, NOCO cannot agree to your proposal that NOCO confirm, sight unseen, that the loan agreement merits designation as Attorney Eyes Only. While we appreciate your attempt to work together on the terms of your client's production of relevant documents, that is simply not how this process works. Pursuant to the Stipulated Protective Order in this case, CTEK may mark as Attorney Eyes Only any document it reasonably believes contains is "highly sensitive competitive or confidential information," the disclosure of which "would result in demonstrable harm to the disclosing party." (*See* ECF #31 at p. 3). NOCO is then entitled to challenge any such designation. (ECF # 31 at p. 8). NOCO will not agree to waive its right to challenge CTEK's future confidential designations, and CTEK has a fundamental obligation to produce relevant documents as provided in Fed. R. Civ. P. 26, 34, and 37. That being said, if the document is "highly sensitive," NOCO would have no reason to challenge the designation.

Accordingly, NOCO requests that CTEK produce the requested documents on or before **November 22, 2019**. If NOCO does not receive the above-identified documents by November 22, 2019, NOCO will be forced to file a Motion to Compel.

Finally, in your November 15, 2019 correspondence, you did not indicate when you would be designating portions of the transcript for protection as Attorney Eyes Only. We received the transcript on Wednesday, November 6, 2019, and it would appear that you did as well. As such, your designations are due November 20, 2019 – fourteen days after receipt of the transcript as set forth by the Stipulated Protective Order. (ECF # 31 at p. 3). If you had a different date noted on your calendar, please immediately advise.




1375 East Ninth Street | One Cleveland Center, 29th Floor | Cleveland, Ohio 44114

Main: 216.696.8700 | Toll-free: 888.696.8700 | 216.621.6536

NOCO hopes that further court intervention can be avoided. Please consider this a good faith attempt to confer on this matter, consistent with the obligations imposed by Fed. R. Civ. P. 37(a)(1) and Local Rule 37.1(a)(1). However, if court action proves necessary, please be advised that NOCO will seek recovery of the costs and fees associated therewith, pursuant to Fed. R. Civ. P. 37(c)(1).

Thank you for your assistance in this matter. If you should have any questions, please do not hesitate to contact me.

Sincerely,

Justine Lara Konicki

cc: Jon J. Pinney, Esq.