# EXHIBIT A





Trevor G. Covey
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Direct Dial: 216.363.4597
Fax: 216.363.4588
tcovey@beneschlaw.com

May 18, 2020

The Honorable Donald C. Nugent
Judge, The United States District Court
Northern District of Ohio
801 West Superior Avenue
Chambers 15A
Cleveland, Ohio  44113

      Re:    *The NOCO Company v. CTEK, Inc., et al.*
               Case No. 1:19-CV-00853

Dear Judge Nugent:

      Defendants CTEK, Inc. and CTEK Sweden AB respectfully submit that they are entitled to a complete and truthful response from Plaintiff The NOCO Company ("Plaintiff" or "NOCO") to Interrogatory 1, which seeks the identification of Plaintiff's alleged trade secrets.  As the Court is aware, Plaintiff's alleged trade secrets are the central issue in this case, and identification is necessary to define the scope of discovery and, most importantly, allow Defendants to mount a proper defense.  Defendants are open to a teleconference with the Court, formally briefing a motion to compel, or discussing other solutions with the Court.

      For a host of reasons explained in more detail below, trade secret plaintiffs must identify with particularity each of their claimed trade secrets.  That is why, on March 5, Defendants promptly sought, via Interrogatory 1, an identification of Plaintiff's alleged trades secrets:

> **INTERROGATORY NO. 1:**  Identify, enumerate, specify, and describe each trade secret NOCO contends was contained in the A4 LAD Book.

      Plaintiff raised at least 10 objections to Interrogatory 1.[1]  NOCO's principal objection appears to be that it need not answer "to the extent [Interrogatory 1] seeks information best

---

[1] These include a long list of general objections, including relevance which should be disregarded in the first instance. *Chubb Integrated Sys., Ltd. v. National Bank of Wash.*, 103 F.R.D. 52, 58 (D.D.C. 1984) ("[G]eneral objections are not useful to the court ruling on a discovery motion.  Nor does a general objection fulfill [a party's] burden to explain its objections.").

provided by CTEK itself." This is not a valid objection in any case,[2] but especially so in trade secret matters: only the trade secret plaintiff is in a position to describe what it contends are its trade secrets. *See A&P Technology, Inc. v. Lariviere*, No. 1:17-cv-534, 2017 WL 6606961, at *7 (S.D. Ohio Dec. 27, 2017) (internal citations and quotations omitted) ("Only the [plaintiff] will know what portion that myriad of [their] information known to its employees can legitimately be claimed as a trade secret and [t]he burden is . . . not upon the defendant to guess at what they are.").

Plaintiff responded to Interrogatory 1 as follows:

> 1. Secrets, thoughts, and designs, regarding the company's sales methodology, targets, and financial impact.
> 2. Touches with potential customers, confidential notes regarding leads (including pricing information), and notes on market intelligence learned during discussions and meetings.
> 3. Information about the needs of various customers and distributors, including pricing information, discount information, and market penetration.
> 4. Contacts, strategies, pricing, discounts, distribution plans, details of negotiations, and opportunities in the market.
> 5. At least fifteen different customer leads, notes, and action items.
> 6. NOCO's sales strategy and invaluable insight into NOCO's methods, processes, targets, and financials.

Each entry is virtually verbatim to a paragraph in Plaintiff's Second Amended Complaint ("SAC"). Compare (1) with ¶ 123, (2) with ¶ 111, (3) with ¶ 113), (4) with ¶ 203, (5) with ¶ 122, and (6) with ¶ 202. These cannot qualify as trade secrets for a threshold reason: they were publicly filed and now produced again in a non-confidential interrogatory response. *Allied Erecting and Dismantling Co., Inc. v. Genesis Equipment and Manufacturing, Inc.*, 511 Fed. App'x. 398, 409 (6th Cir. 2013) ("[I]nformation that has been publicly disclosed . . . is no longer eligible for trade-secret protection."); *A&P Tech.*, 2017 WL 6606961, at *10 (finding that plaintiff's list of trade secrets identified in public filings insufficient because it was made part of the public record). Plaintiff produced other information as Attorneys' Eyes Only and can do so here.

---

[2] *BriovaRx, LLC v. Johnson*, No. 3:13-CV-12049, 2014 WL 989206, at *5 (S.D. W. Va. March 13, 2014) ("Plaintiff's objection that responsive information is already in Defendants' possession is not a sufficient basis to avoid answering an otherwise valid discovery request.").

The Honorable Donald C. Nugent
May 18, 2020
Page 3

More fundamentally, each item in this list represents a category of information, not a trade secret. *A&P Tech.*, 2017 WL 6606961, at *10 (finding that a list of general categories of business information that are not unique to the plaintiff are not trade secrets); *Safety Today, Inc. v. Roy*, No. 2:12-cv-510, 2014 WL 12749231, at *3 (S.D. Ohio Feb. 11, 2014) (holding plaintiff's responses to interrogatories inadequate because plaintiff identified its trade secrets by broad categories). As a trade secret plaintiff, NOCO must identify and list "clearly, unambiguously, and with specificity" each trade secret it claims it has. *Dura Global, Technologies, Inc. v. Magna Donnelly Corp.*, No. 07-CV-10945-DT, 2008 WL 2064516, at *2 (E.D. Mich. May 14, 2008).

Plaintiff may not deflect its identification burden by alleging that Defendants have access to the same information or that it does not have the A4 LAD Book.[3] *Coda Dev. S.R.O v. Goodyear Tire & Rubber Co.*, No. 5:15-CV-1572, 2019 WL 6219745, at *4 (N.D. Ohio Nov. 21, 2019) (ordering plaintiff to identify its trade secrets in discovery with sufficient specificity and description because, among other things, "[t]here is no need to discover anything from the defendants in order for plaintiffs to write down their recollection"). Plaintiff needs neither the book nor discovery to write down its recollections of what its own personnel wrote in the book that is now alleges qualify for trade secret protection. *Id*. ("There is no need to discover anything from the defendants in order for plaintiffs to write down their recollection[.]"). That holding applies with even greater force here, where Plaintiff contends it immediately began recreating the information in the book: "the NOCO employees present at the Expo attempted at multiple points to recall the information and track down the stolen leads. These efforts began as soon as the theft was discovered, and involved each member of NOCO's team."). (NOCO Response to Interrogatory 4).[4] Plaintiff has not produced any recreation of the A4 LAD Book or any document supposedly containing such information.[5]

What is more, Plaintiff's trade secret identification is essential to all other discovery, and its failure will serve to stifle these proceedings. *Total Quality Logistics, LLC v. Aptive System, Inc.*, No. 1:16-cv-00335, 2020 WL 805239, at *5 (S.D. Ohio Feb. 18, 2020) (internal citations omitted) ("[R]equiring the plaintiff to sufficiently identify its trade secrets prior to allowing discovery on the defendant's trade secrets helps the court to determine the outer permissible

---

[3] Defendants have already responded to Plaintiff's 167 discovery requests and produced hundreds of documents. Neither CTEK Sweden nor CTEK, Inc. have the book or any information contained in it.

[4] Plaintiff has argued that it need not provide alleged trade secret identification (or state that it knows of none right now) based on *Montgomery v. eTreppid Techs., LLC*, No. 3:06CV0056PMPVPC, 2008 WL 2277118, at *10 (D. Nev. May 29, 2008). That case says no such thing and is inapposite here. The Nevada District Court decided that a trade secret plaintiff could not identify its source code trade secrets because the one engineer in its organization who had access to them left for a competitor and took the only copy of the source code in existence. "Simply put, there is no conceivable way [the trade secret plaintiff] can describe its trade secret, because [its former employee] has made that impossible[.]" *Id*. at *11. Unlike in *Montgomery*, where the trade secret plaintiff *never* had any access to the trade secrets, here Plaintiff's employees were the exclusive authors of everything contained in the notebook, and Plaintiff contends those same people immediately endeavored to recreate the contents of the book.

[5] In response to Defendants' letters, Plaintiff produced an alleged "example" LAD Book from a different trade show. While Plaintiff claims this book "is of substantially the same nature, quality, and character as" the A4 LAD Book, Plaintiff does not identify what in that book is supposedly a trade secret. Nor would it even matter since nothing in that supposed example book has anything to do with this case.

The Honorable Donald C. Nugent
May 18, 2020
Page 4

bounds of discovery and prevents needless exposure on the defendant's trade secrets."). Indeed, because Plaintiff has not identified *any* trade secret, it is not possible for Defendants to issue discovery in support of Defendants' defenses against trade secret claims.

In sum, Defendants respectfully seek an answer to Interrogatory 1. Plaintiff sued for trade secret misappropriation and Defendants validly requested an identification of those trade secrets. If Plaintiff knows of alleged trade secrets, it must list them now. If Plaintiff does not presently know of any alleged trade secrets contained in the A4 LAD Book, Plaintiff must answer accordingly.

Sincerely,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

Trevor G. Covey

cc: Nora Cook, Esq.
John Pinney, Esq.
Justine Lara Konicki, Esq.